```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF TEXAS
                              HOUSTON DIVISION


DOV AVNI KAMINETZKY A/K/A         §
DOV AVNI and TAMAR AVNI A/K/A     §
TAMAR KAMINETZKY                  §
                                  §
          Plaintiffs,             §
                                  §
v.                                §   CIVIL ACTION NO. H-06-0185
                                  §
MISSION BEND NO. 5 HOME           §
ASSOCIATION, INC., FOX &          §
JACOBS, INC., DAVID G. FOX,       §
CENTEX FINANCIAL CORPORATION      §
[NEVADA CORPORATION], and         §
CENTEX CORPORATION [TEXAS         §
CORPORATION TRADED AS "CTX"],     §
                                  §
          Defendants.             §
```

ORDER ON PENDING MOTIONS

*Pro se* Plaintiff Tamar Avni a/k/a Tamar Kaminetzky files several motions pursuant to Fed. R. Civ. P. 59(e) and 60(b)[1] that request reconsideration of three previous orders entered in this case: namely, (1) the granting of the Centex Defendants' 12(b)(6) Motion to Dismiss Plaintiffs' claims against them; (2) a Final Judgment dismissing Plaintiffs' case against the Centex Defendants; and (3) an Order of Remand that sent the remainder of Plaintiffs' case to state court (the "Orders"). Plaintiff's motions are

---

[1] Plaintiff also moves pursuant to Fed. R. Civ. P. 55(c), which sets forth the standard for setting aside an entry of default or default judgment. However, no entry of default or default judgment was entered here, and Rule 55(c) is inapplicable.

premised on two arguments: (1) the Court lacked diversity jurisdiction to consider the merits of the case because the amount in controversy did not exceed $75,000; and (2) the removal procedure was defective.[2]  Plaintiff asks the Court to vacate the Orders and "simply remand this case to state court for lack of subject matter jurisdiction."  The Centex Defendants have filed responses in opposition.

*Pro se* Plaintiffs originally filed an "Original Joint Bill of Review" (the "Bill of Review") to challenge a Final Judgment signed on August 24, 2001 in State Court, Mission Bend No. 5 Home Assoc., Inc. v. Tamar Avni-Kaminetzky, Cause No. 1995-22777.  The Centex

---

[2] The Court discovered that the removal procedure was defective inasmuch as Centex has its principal place of business in Texas and was therefore not entitled to remove the case under 28 U.S.C. § 1441(b).  *See* Order to Show Cause entered December 5, 2006; *see also* Caterpillar, Inc. v. Lewis, 117 S. Ct. 467, 472 (1996).  Centex's counsel, Christopher W. Martin and Deborah E. Rank, admit they removed the case without adequate investigation and make no claim to having even asked their client where its principal place of business is located. (Ms. Rank claims the improper removal was all her fault, but the illegible signatures of counsel who removed the case appear over the name of Mr. Martin as well as Ms. Rank.  In the Response to the December 5, 2006, Show Cause Order, Ms. Rank's signature is perfectly legible and completely different from the signature appearing over Mr. Martin's name in the removal papers.  Mr. Martin has not claimed any forgery of his signature, or any lack of authority for Ms. Rank to sign in his behalf, and he is therefore as fully responsible for this conduct as Ms. Rank.)  Ms. Rank has offered apologies to the Court and asked that sanctions not be imposed.  The Court will not impose sanctions on this occasion, but expects Mr. Martin and Ms. Rank not to remove cases to federal court in the future without first making reasonable inquiry into the facts and law to determine not only their client's state of incorporation but also its principal place of business.

Defendants, who were not parties to the underlying suit or to the Final Judgment, improperly removed the action to federal court on January 17, 2006, on the basis of diversity jurisdiction. On February 23, 2006, the Centex Defendants moved to dismiss Plaintiffs' claims against them pursuant to Fed. R. Civ. P. 12(b)(6), arguing, *inter alia*, that the Bill of Review was fatally defective because Plaintiffs attempted to "pursue new, non-adjudicated allegations of fraud and conspiracy against [the Centex Defendants]," who were not parties to the underlying suit or Final Judgment. *See* Document No. 6 at 8, 16. Plaintiffs did not respond to the motion or otherwise make an appearance in the case. On June 16, 2006, the Court conducted a Rule 16 scheduling conference, which Plaintiffs failed to attend. During the conference, the Court granted the Centex Defendants' Rule 12(b)(6) Motion to Dismiss, which was deemed unopposed pursuant to Local Rule 7.4, and signed a Final Judgment dismissing Plaintiffs' case against the Centex Defendants. *See* Document Nos. 12 & 14. All that remained of the case was Plaintiffs' claims against Defendant Mission Bend No. 5 Home Association, Inc. ("MB5"), which appeared to be merely ancillary or incidental to the State Court case concluded by Final Judgment in 2001. The Court, with the agreement of MB5, remanded the case to State Court. *See* Document No. 13. At the time the Orders were entered, Plaintiffs had not responded to the Centex Defendants' Motion to Dismiss, appeared for the required Rule 16

scheduling conference, or otherwise made an appearance in the case. Plaintiff now argues that the Court "act[ed] without subject matter jurisdiction," and Plaintiff seeks to vacate the Orders and remand the entire case to State Court.

Generally, there are four grounds upon which a Rule 59(e) motion to alter or amend judgment may be granted: (1) the judgment was based on a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law. *See* Schiller v. Physicians Res. Group, Inc., 342 F.3d 563, 567-68 (5th Cir. 2003); Great Pines Water Co., Inc. v. Liqui-Box Corp., 962 F. Supp. 990, 991 (S.D. Tex. 1997). A Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *See* Coleman v. Quarterman, 456 F.3d 537, 546 (5th Cir. 2006) (quoting Schiller, 342 F.3d at 567). Under Rule 60(b), a district court may relieve a party from final judgment on the basis of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b). Relief under

Rule 60(b) is an extraordinary remedy; "the desire for a judicial process that is predictable mandates caution in reopening judgments." In re Pettle, 410 F.3d 189, 191 (5th Cir. 2005) (citing Carter v. Fenner, 136 F.3d 1000, 1007 (5th Cir. 1998)).

Plaintiff first argues that the Court lacked jurisdiction to consider the merits of the case because Plaintiffs' Bill of Review "does not state a claim . . . for damages in a $ amount that is even close to the $75,000 minimum jurisdictional requirement for diversity jurisdiction to exist." *See* Document No. 18 at 1.[3] The Centex Defendants respond that it was facially apparent from the Bill of Review that Plaintiffs' claims likely exceeded $75,000. The removing party bears the burden of establishing that federal jurisdiction exists. De Aguilar v. Boeing Co. (De Aguilar II), 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 116 S. Ct. 180 (1995). "[W]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." Id. at 1409 (quoting De Aguilar v. Boeing Co. (De Aguilar I), 11 F.3d 55, 58 (5th Cir. 1993)). The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy that support a finding of

---

[3] Plaintiff does not dispute that the parties' citizenship is diverse.

the requisite amount.  Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999); Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (1995).

Plaintiffs' Original Joint Bill of Review contains the following allegations:

> [1.8]  Defendant Centex Corporation . . . conspired with other codefendants with respect to 225M$ liens, with no intention or mean to fund or collect these sham debts, allegedly due days after their sham originations.
>
> . . .
>
> [4.15]  Because of fraudulent concealment by defendants of lack of proper annexation of Section 6 of Mission Bend into Section 6, an erroneous judgment of over $24,000 was imposed against Tamar and fraudulent liens in excess of $22,200 was imposed against the 7106 Corta Calle property . . . Plaintiffs were coerced to pay, under threat of non-judicial foreclosure . . . amounts in excess of $1,500, (excluding interest), and to incur unnecessary compliance costs, in excess of $2,500, with arbitrary maintenance and/or upkeep demands . . .
>
> [4.16]  The fraudulent assertion by "MB5" of jurisdiction over the 7106 Corta Calle property as result of the fraudulent annexation of Sections 6 and 8 of the Mission Bend into Section 5 . . . resulted in the total non-marketability of the Property since 1993, and damages to Plaintiffs in excess of $100,000 (without interest).
>
> . . .
>
> [5.2]  In addition to the actual damages detailed in the foregoing sections Kaminetzky [seeks] . . . consequential damages . . . and appropriate exemplary damages in amount sufficient to deter other deep pockets corporate tortfeasors from breaching duty and laws for "mega-gains" up to highest multiple of 9 times, as permitted by the US Supreme Court

*See* Document No. 1 ex. B ¶¶ 1.8, 4.15-4.16, 5.2. On the face of the Bill of Review, Plaintiffs sought damages in excess of $75,000. Plaintiff Tamar Avni files an affidavit in support of her 59(e) motion in which she avers that "I never alleged damages close to $75,000 in #05-50707, and no diversity jurisdiction exists." *See* Document No. 18 ex. B ¶ 12. This post-removal affidavit is insufficient to deprive the Court of diversity jurisdiction once it has attached. *See* <u>Gebbia v. Wal-Mart Stores, Inc.</u>, 233 F.3d 880, 883 (5th Cir. 2000) ("[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."). Thus, the Court had diversity jurisdiction to consider the merits of Plaintiffs' case and grant the Centex Defendants' motion to dismiss.

Plaintiff also urges reconsideration of the Orders "in light of the fundamental defects in the removal of [this case] to federal court," such as the failure of MB5 to join in the Notice of Removal by written consent. *See* Document No. 18 at 2. This defect, like the defect described above in note 2, is waivable, and Plaintiffs waived any objections to these non-jurisdictional defects in the removal procedure by not moving to remand within thirty days of removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter

7

jurisdiction must be made within 30 days after the filing of the notice of removal . . . "). *See, e.g.,* Johnson v. Helmerich & Payne, Inc., 892 F.2d 422, 423 (5th Cir. 1990) (failure of all defendants to join in a removal petition is not a jurisdictional defect and may be waived); Gordon v. Acrocrete, Inc., 400 F. Supp. 2d 1310, 1311 n.1 (S.D. Ala. 2005) (same); Denman by Denman v. Snapper Div., 131 F.3d 546, 548 (5th Cir. 1998) (the presence of in-state defendant in contravention of 28 U.S.C. § 1441(b) is "a procedural defect that is waived unless raised within thirty days of removal."); State of La. v. Sparks, 978 F.2d 226, 233 n.11 (5th Cir. 1992) (failure to comply with 30-day removal requirement in 28 U.S.C. § 1446(b) is a non-jurisdictional defect that may be waived).  In sum, Plaintiff has not articulated a basis under Rule 59(e) for amending or altering the Court's prior Orders, nor has Plaintiff demonstrated any grounds for relief under Rule 60(b).  As such, Plaintiff's motions will be denied.  Accordingly, it is

ORDERED that Plaintiff Tamar Avni a/k/a Tamar Kaminetzky's First Supplement to Original Motion Seeking to Vacate or Modify the Orders of 6/16/06 (Document No. 16), Motion Pursuant to Rule 59(e) to Alter and Modify Order and Remand the Case to the 281st District Court (Document No. 18), Motion for Order Granting Relief From Order and "Final Judgment" (Document No. 20), and Motion for Order

Granting Relief From Order Dismissing Claims and "Final Judgment" for the "Centex Defendants" (Document No. 21), are all DENIED.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas on this <u>22nd</u> day of December, 2006.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE